# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LISBETH C. KECK,**

      **Plaintiff,**

-vs-                                                    Case No. 6:10-cv-847-Orl-31GJK

**SEMINOLE COUNTY SHERIFF'S OFFICE, DONALD F. ESLINGER, JUSTIN J. ZEIGLER, and JOHN DOE.**

      **Defendants.**

_____

# ORDER

This matter came before the Court without oral argument upon consideration of Defendants', Seminole County Sheriff Donald F. Eslinger and Deputy Justin J. Zeigler ("Defendants"), Motion to Dismiss (the "Motion") (Doc. 9), and Plaintiff's, Lisbeth C. Keck ("Plaintiff"), response in opposition thereto (the "Response") (Doc. 15).

## I. Overview

On March 31, 2010, Plaintiff brought suit in state court alleging, *inter alia*, that Defendants have failed to return her property – including a number of firearms – which Defendants seized from Plaintiff's home in the course of taking Plaintiff into custody for an involuntary examination under Florida's Baker Act.[1] (Doc. 2). On May 26, 2010, Defendants timely removed this case to federal court. (Doc. 1).

There are two counts in Plaintiff's Complaint. Count I asserts a claim for a writ of replevin pursuant to Chapter 78, Florida Statutes, and Count II asserts a claim for unlawful search and

---

[1] *See* FLA. STAT. §§ 394.01 *et seq*.

seizure in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution pursuant to 42 U.S.C. § 1983.[2] (Doc. 2).

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

**II. Background**

On April 1, 2010, Deputy Zeigler and unidentified officers from the Seminole County Sheriff's office[3] arrived at Plaintiff's home and found her lying on her bedroom floor. (Doc. 2 at 2). Zeigler questioned Plaintiff, determined that she was in an incoherent state, and took custody of Plaintiff pursuant to FLA. STAT. § 394.463(2).[4] (Doc. 2 at 3). While Zeigler was questioning Plaintiff, other deputies conducted a warrantless search of Plaintiff's home.[5] *Id.* In the course of their search, officers seized Plaintiff's firearms and other personal property, including thirteen handguns, two knives, ammunition and gun bags with a total value of approximately $39,275.00. (Doc. 2 at 3).

Plaintiff now seeks the return of all her personal property, general and special damages, as well as fees and costs.

---

[2] Plaintiff's § 1983 claim is predicated solely on the seizure of her personal property – not her person.

[3] The identities of all the officers were unknown to Plaintiff at the time she brought suit. Plaintiff therefore listed "John Doe, Deputy Sheriff" as a defendant. In her Response, however, Plaintiff identifies at least one of the officers as "Sergeant Williams" (who is also mentioned in the Complaint) and seeks leave to amend to formally include Sergeant Williams (and other unidentified officers) as a defendant. (Doc. 15 at ¶ 2(II)(b)).

[4] Section 394.463, *inter alia*, permits law enforcement officers to take persons who meet certain criteria for involuntary examination into custody and deliver them to the nearest "receiving facility" for evaluation. FLA. STAT. § 394.463(2).

[5] Plaintiff alleges that it is the policy or custom of the Seminole County Sheriff's Office in Baker Act actions to not only conduct such warrantless searches, but also not to return firearms seized during same.

**III. Standard of Review**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id*. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

**IV. Discussion**

Defendants move to dismiss Plaintiff's two-count Complaint on a variety of procedural grounds,[6] including, *inter alia*: the naming of the Seminole County Sheriff's Office as an improper party; the inclusion of a fictitious party; failure to comply with FED R. CIV. P. 10(b) by clearly asserting which counts are brought against Sheriff Eslinger and which counts are brought against Deputy Zeigler; the failure to allege compliance with the presuit notice requirements of FLA. STAT. § 768.28(6); sovereign immunity; qualified immunity; and an improper request for punitive damages and/or prejudgment interest.[7] (Doc. 9 at 2-3).

Defendants' Motion warrants little discussion. While Plaintiff may have a viable claim, an amended pleading clearly appears to be in order.[8] As a threshold matter, Plaintiff's claims against the "Seminole County Sheriff's Office" are improper inasmuch as the Sheriff's Office is not *sui juris* and cannot be sued. *See, e.g., Mann v. Hillsborough County Sheriff's Office*, 946 F.Supp 962, 970 (M.D. Fla. 1996). Furthermore, "fictitious party practice is [generally] not permitted in federal court." *Kennedy v. Gee*, 2009 WL 1514621 *3 (M.D. Fla. 2009); *see also Rolle v. Brevard County, Fla.*, Case No. 6:06-cv-714, 2007 WL 328682, at *14 (M.D. Fla. Jan. 31, 2007) (citations

---

[6]Defendants do not address the substance of Plaintiff's claims. It is fairly clear, however, that absent an arrest and filing of criminal charges, law enforcement cannot retain – and must return – firearms seized from persons who are taken into custody for an involuntary mental health examination under Florida's Baker Act. *See*, *e.g.*, Op. Att'y Gen. Fla. 2009-04 (2009).

[7]No such request for punitive damages appears on the face of the Complaint.

[8]Plaintiff, in fact, concedes as much in her Response and requests leave to file an amended complaint.

omitted).⁹ As for Defendants' contentions regarding sovereign and qualified immunity, ambiguities exist as to, *inter alia*, which counts are asserted against Sheriff Eslinger and Deputy Zeigler; in what capacity Defendants have been sued (i.e., official or individual); and whether Defendants were allegedly engaged in discretionary functions or acting outside the scope of their employment. Plaintiff will be given an opportunity to amend before the Court addresses these issues.

With respect to the presuit notice requirements of FLA. STAT. § 768.28(6), Plaintiff can cure her failure to satisfy that condition precedent by submitting a written claim at this time. In the circumstances of this case, the Court sees no reason to dismiss the case (which also involves federal constitutional violations) and require Plaintiff to re-file same in the event Defendants deny Plaintiff's "presuit" demand.¹⁰

## V. Conclusion

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 9) is **GRANTED**. The Complaint is hereby **DISMISSED** without prejudice;

2. By no later than **Monday, August 2, 2010**, Plaintiff shall file an amended complaint; and

---

⁹While the Complaint alleges that Sergeant Williams and "other Deputies" searched Plaintiff's home, (Doc. 2 at ¶18), it also states that "Defendant Ziegler and Doe arrived at Plaintiff's residence" and that "Defendant Zeigler and Doe seized weapons" (Doc. 2 at ¶¶ 14 and 19). The separate references to Sergeant Williams and John Doe leave the identity of John Doe ambiguous and insufficient for suit. If Plaintiff identifies more of the current "John Doe Defendants" in the course of discovery, then she may seek leave to add new parties.

¹⁰On the other hand, if Defendants accept Plaintiff's demand, they may file a subsequent motion to dismiss.

3. As to Count I, Plaintiff is directed to submit a written claim in accordance with FLA. STAT. § 768.28(6)(a).

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 16, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

*[signature]*
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**